Thanh GIAP, Petitioner–Appellant,

v.

Charles GREINER, Superintendent, Green Haven Correctional Facility, Eliot L. Spitzer, New York State Attorney General, Respondents–Appellees.

No. 05–6335–pr.

United States Court of Appeals, Second Circuit.

June 12, 2006.

Lawrence T. Hausman, The Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Petitioner–Appellant.

Eleanor J. Ostrow, Assistant District Attorney (Robert M. Morgenthau, District Attorney, New York County, Hilary Hassler, Assistant District Attorney, on the brief), New York, NY, for Respondents–Appellees.

Present: WALKER, Chief Judge and JON O. NEWMAN, SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Giap appeals the district court's November 4, 2005, denial of his habeas corpus petition (Lawrence M. McKenna, *Judge*); the district court adopted the magistrate judge's report and recommendation (Kevin N. Fox, *Magistrate Judge*) in its entirety. Petitioner argues that he was denied his constitutional right to present a defense because the New York state trial court excluded the taped statement of Joey Cole, who admitted responsibility for the killing with which petitioner was charged. The state argues that petitioner's claim is unexhausted and therefore not properly before us and that it is also meritless. We assume familiarity with the facts and procedural history of this case.

We assume for the purposes of this appeal that the petitioner properly exhausted his claim before the New York courts. That being the case, the state courts adjudicated petitioner's claim on the merits, and we may not grant the writ unless that adjudication was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner points to *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), as the relevant case for the proposition that defendants have a constitutional right to present a defense. As petitioner notes, however, the states possess "broad latitude," *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), to create rules of procedure that limit a defendant's ability to put forward certain evidence so long as those rules serve a legitimate purpose and are not disproportionate to the ends they are designed to serve. *See Holmes v. South Carolina*, —— U.S. ——, 126 S.Ct. 1727, 1731, 164 L.Ed.2d 503 (2006).

Petitioner concedes that the statement-against-penal-interest hearsay exception upon which the New York courts relied to exclude the proffered tape is constitutional. *See People v. Settles*, 46 N.Y.2d 154, 412 N.Y.S.2d 874, 385 N.E.2d 612 (1978). Petitioner contends only that the New York courts erred in their application of the rule to the facts of his case. Therefore, petitioner must show that the Appellate Division was not objectively unreasonable in concluding that the state trial court's application of the rule was not arbitrary. *See Wade v. Mantello*, 333 F.3d 51, 59–60 (2d Cir.2003). This petitioner cannot show. The state concedes that petitioner demonstrated that the declarant was unavailable and that the statement was made with knowledge that it was at the time against the declarant's penal interest. However, we cannot say that the state courts' conclusion on the last two elements—whether the declarant had knowledge of the underlying facts and whether there was independent evidence attesting to the statement's trustworthiness—was arbitrary.

As to the third element, Cole's statement was inconsistent with the facts as observed by other eyewitnesses and has many indicia of being coached, including contradictory statements by Cole as to his location during the shooting and the fact that Cole supplied almost no factual detail. In addition, Cole recanted his statement soon after it was made, denying that he had any personal knowledge of the events in question.

There was an absence of any evidence to support the fourth element as well: petitioner offered no independent evidence, aside from the statement itself, that Cole was in fact present during the shooting. None of the witnesses placed Cole at the scene, and there was no physical evidence of Cole's presence. On these facts, the state trial court's decision to exclude the evidence was not arbitrary, and the Appellate Division's ruling on appeal was not objectively unreasonable.

For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby **AFFIRMED.**